We'll hear the case of Carroll v. Logan, and Mr. Walker. May it please the court. My name is Court Walker, and I represent Mr. and Mrs. Carroll, who filed a Chapter 13 bankruptcy case on February 16th of 2009. Nearly three years later, Mr. Carroll became entitled to an inheritance from his deceased mother. The issue before the court is whether that inheritance is part of the Chapter 13 bankruptcy estate. And, Your Honors, Congress very specifically excluded inheritances from the Chapter 13 estate when received beyond 180 days of the petition date. So jump right into it. Tell us about these two statutes. You've got a single-issue case here, it looks like to me. We've got to make a determination on the interplay of these statutes. Judge Leonard went in this big way. Judge Leonard is a pretty thoughtful fellow, and I was wondering how did he reach this result and go directly to his ruling? Absolutely, Your Honor. And I'd like to go directly to the statutes. I also have a high opinion of Judge Leonard, obviously. But in this interplay of 541A-5 and 1306A, I believe that the statutory text is very specific in 541A-5 when Congress says that there is a 180-day time restriction or exclusion of certain property. Let's say all the property in 541A is subject to coming in at 180 days. It has to come in at 180 days or it's not part of the estate. 541. But 541A-5 applies to very particular types of property. So the inheritance is... Let's call it 180-day 541 property. Now let's read 1306 that way. It says, all property of the kind specified in Section 541A, including the 180-day property that the debtor acquires after the commencement of the case before the case is closed, becomes part of the estate. So it's basically saying all 180-day property, all property subject to those restrictions, now becomes property of the state if it comes in before the case is closed. Your Honor, Judge Niemeyer, 1306 doesn't refer to 541A-5 specifically. It says property specified in 541. All property specified in such section. That's 541, right? Yes, Your Honor. Okay, so all 541 property, all 541 property, subject to 180 days, subject to all the other restrictions, you know, there are others in there, comes in and becomes part of the estate if it comes in before the... before the proceeding is closed. Now what's wrong with that reading? What's wrong with that reading, Your Honor, is that 1306 refers to the entirety of 541. The entirety of 541 with its inclusive language and with its exclusionary language. 541 has more than just inclusions of property into the estate. 1306 doesn't care. 1306 says any property that's described in 541, if it comes into the estate before it's closed, it becomes part of the Chapter 13 estate. And there's a good reason for it because 541 is Chapter 7 and you have to have a cutoff because you're liquidating and you need the new stuff. The 13 is a reorganization which extends over a period of time and so Congress said with respect to reorganizations, anything comes in before it's closed. But Judge Niemeyer, this Court has cared in the past and Congress cares about the cutoffs and about the time limits. I'm not changing the cutoffs. There's no tension. They're saying 1306 says all of that property with its cutoffs comes into the Chapter 13 estate if it comes in before the case is closed. And Your Honor, I apologize. I'm trying to understand exactly what you're saying. If you're saying with the cutoffs, meaning with that 180-day restriction. No, it says all the property described in. But Your Honor, it says all the property of the kind specified in Section 541. And when that word specified is used, it refers to 541 and all the inclusions and all of the exclusions. That's fair enough. That's the subject of the sentence. Yes, Your Honor. All that property subject to those exclusions now comes in and becomes part of the Chapter 13 estate if it comes in before the estate is closed. And the key exclusion, though, is the 180-day limitation when it comes to inheritances. That's part of the subject and the sentence then says, but if it comes in before it's closed, it extends it for Chapter 13. But Your Honor, 541A6, let me give you an example of why I believe that that's not the correct reading. In 541A6, but in 541A6, Your Honor, it refers to post-petition wages, post-petition earnings. There's a bargain that takes place when someone files a Chapter 13 case. They get to have the property of the estate in their possession while they make monthly payments to a Chapter 13 trustee. If 1306 was simply to be read in the way that Your Honor posits, then there would be no need for 1306A2. 1306A2 specifically refers back to exclusionary language in 541A6 and says it's going to undo that specific exclusionary language. 1306A2 says that post-petition wages, post-petition earnings from services performed by the debtor are property now of this Chapter 13 estate. So it looks back at 541A6 and recognizes that there's exclusionary language there. The exclusionary language in 541A6 says that earnings from services performed by the debtor after the commencement of the case are accepted, are excluded from the bankruptcy estate under 541A6. Well, let's assume, Judge Meemeyer's reasoning is correct. Doesn't it make sense under that interpretation since it's a liquidation statute? Why should the debtor get a windfall before the estate is closed when he's had that protection all along? So why should he get a windfall? Well, Your Honor, I want to be very clear that what we're talking about is very specifically the property that Congress placed an exclusion on in 541A5. Certain windfalls like gambling winnings, lotteries, or increases in salary like this Court examined in In re Arnold, those are property of the Chapter 13 estate because they fall under 541A1. And there's no exclusionary language in 541A1. Also, Your Honor, in the 11th Circuit case of In re Waldron, the Circuit Court there considered uninsured motorist vehicle benefits when the debtor had been in an accident and came into a windfall because of the uninsured motorist benefits. The 11th Circuit in In re Waldron had to take... I mean, if you did that, overwhelming cases out there, didn't you? Well, there are also very good statutorily in-depth cases on our side. I would ask the Court to look at In re Key. I just can't figure out how you're going to get away from the straightforward reading of the statute. Property of the kind described in 541 that comes in before the case is closed is property of the estate under Chapter 13. It's not for Chapter 7, 541. 13 says for purposes of Chapter 13 it is. And, of course, there's good reason for it too because a reorganization is an ongoing process of adjusting assets and paying off creditors where liquidation is a new start. You cut off at some point 180 days and everything thereafter is this new start. Because, Your Honor, when you look at 1306 reference to 541, 541 includes A and B and C in their exclusive language. You leave off the whole sentence that says it now takes that property and changes it for purposes of 13 and says if it comes in before it's closed. But, Your Honor, in this Court's opinion in In re McLean, it looked at the exclusionary language that's found at 541C2. I'm giving you that benefit. That's the subject of the sentence. The property that would come in in 180 days in 541 is now included in a Chapter 13 state if it comes in before the end of the state is closed. That's all the statute is saying. No, Your Honor, I don't believe that's what the statute is saying. What's it referring to when it says all property of the kind specified in such section? The kind specified, though, refers to property with all the exclusionary language of 541A. So when you look at 1306... But it's taking all that property and I'm giving you the 180 days as part of it, but then the rest of the sentence says that which came in under 541 in 180 days now comes in if it comes in before the state is closed. But, Your Honor, if that's the way that Congress intended the statute to be read, they would have no reason to include 1306A2. Same reason. It's because there's an exclusion and that they're overcoming the exclusion if it comes in before it's closed. And that's... A2 covers all earnings all the way up until it's closed. Yes, and that's a specific undoing of the exclusionary language. Well, who's doing that anyway? I mean, I think it does exactly the same thing as 1 does, A1. But I don't see how you get any benefit from that because 1 on its face says 541A, a 541 property, and you can call it a 180-day property, a property that comes in within 180 days, is now part of the estate in Chapter 13 if it comes in before it's closed. With the exclusions that 541 recognizes, though, and 541B has exclusions, 541C has exclusionary language, 541A has exclusionary language. How about if we change the hypothetical? You tell me how you read this one. All property that comes in 180 days under Section 541 is property of the estate under Chapter 13 if it comes in 360 days. Then I believe that that is a specific undoing of the 180-day restriction. Okay, that's the same as what this says. But this doesn't, the 1306, the way Congress wrote it, doesn't specifically undo that exclusionary language of the 180-day restriction. It does specifically undo the restriction as to post-petition wages. When you look at 541A6, it accepts those post-petition wages from a bankruptcy case. Chapter 13, those post-petition wages are a distinct feature of reorganization. And so Congress had to say, this specific exclusion, we're going to undo that in 1306. And so that's what Congress did. So are you saying that on the 541A, this 180-day rule restricts what can be put in Chapter 13 of the estate? Yes, but it's limited, though, Your Honor, to the inheritances, to the real property settlements, and to the life insurance benefits, life insurance policy benefits. I mean, 541A5 is very specific about the types of property that the 180-day restriction applies to. It doesn't give a 180-day restriction on all property. I mean, 541A1 is very inclusive in the property that it pulls into the estate. You can think of, for policy reasons, perhaps what— The problem is 541 is a general provision. 1306 is limited to Chapter 13 type of states. And so the question then comes up, Congress, in writing this thing, they wanted to just restrict it to say, well, it doesn't apply to A5. Why would it have said that? I mean, it just said 541. And so if we take your reading, I don't know how you don't read the rest of what is being restricted from being included, that everything under 541A is effectively excluded under the 180-day rule for Chapter 13 estates. No, Your Honor, I'm not referring to all property. The 180-day restriction is only in 541A5. It only has to do with inheritances, real property settlements, and benefits from life insurance policies. But 1306 Section A doesn't make any distinction like you're making. It just refers to any property specified in 541. Yes, Your Honor, and that actually fits into my argument, Judge Floyd, because when 1306 says you take 541 in its whole and bring it over into Chapter 13, that means you bring all of the inclusive language and all of the exclusive language. Otherwise, 1306 would... That's fair enough, because you need the exclusion for 541, the 180 days, because you want to have a cutoff. But you can bring all of that in. But if you think of the structure of the sentence, all of that property, subject to its restrictions, is now subject to this new sentence that says that property, 541 property, all the property specified in 541, is now part of the estate under Chapter 13 if it comes in before it's closed. And in 541A-5, it specifically excludes, specifically excludes the inheritances, the real property settlements, and the benefits of life insurance policies. The question is, is that property specified? Even though it's excluded, is it not specified? And I see my time is up. Could I address that question? The word specified, if you look how that would then apply to 541A-6 and post-petition wages, Congress was saying, well, that word specified isn't enough to pull in post-petition wages and earnings from 541A-6 because there's exclusive, exclusionary language there. So we have to, in 1306A-2, specifically undo that language as to post-petition wages. And so, therefore, that word specified, it refers to the 541A-5 inheritance, real property settlements, life insurance benefit policies, refers to that property with the 180-day restriction on it. I guess I'm wondering why, you know, inheritance type cases, and this is test state, wasn't it? Or was it in-test state? But in any event, he could renounce the benefit, which means he would never get it from somebody else. I mean, it wouldn't be in there. Except, Your Honor, there's plenty of bankruptcy case law out there that says once a person becomes entitled to that inheritance, if you follow the reading of Judge Leonard, then it's property of the estate, whether someone would want to not accept it or not. So the acceptance of that is irrelevant to the question of. . . I have a question. Even with that law, I'm just wondering the effect of a renunciation. What would that be? But that's not the full story. Correct, and it may be a different case that ultimately gets here. But in any event, the Carrolls in this case did not renunciate the inheritance. Thank you. Okay, you have some rebuttal. Thank you. We'll come back. Mr. Logan. Good morning. May it please the Court, my name is John Logan. I'm the appellee in this case. I am now in my 16th year as a standing Chapter 13 trustee in the Eastern District. I'm here to ask this Court to affirm the decision by Judge Leonard that property inherited by Mr. Carroll, one of the appellants, must be delivered to the trustee for distribution to pay his individual and joint unsecured claims on which he's obligated with his wife. Now, this plan was confirmed with a 3.8% dividend to unsecured creditors. In month 40 of 56, this property was inherited, so this was a 56-month plan, almost 60 months. I have three points to make this morning. The first two sort of merge together. The first one is to explain why 541A5 and 1306A1 cannot be read the way the appellants urge and do justice to both of those sections of the Code and why the statutory scheme of Chapter 13 is upheld by what I believe is the correct interpretation of these two sections. The third point is that while not on all fours, I believe this Court has written the roadmap for this decision and its Maharaj decision which was issued 15 months ago. The first point is that the appellant's position ignores the proper interplay between 541 and 1306 as well as 1206. Basically, it doesn't recognize the distinct difference between a Chapter 7 liquidation and the reorganizing chapters which stretch over time. What we need to do is read what Section 1306 says. This is a Chapter 13 case, and we look at 1306 to see what property is part of the estate. The estate includes the property specified in 541, which means it's the property described as coming in within 180 days. That's what's described. But then it says that property is included in the estate if it comes in a Chapter 13 estate before it's closed. Now, is there any tension between those two things? There's not, and the second part does no violence to the first because the 180-day property is subsumed into the larger entirety of property received. 180 days is part of 541 and describes it, but 1306 says that property, if it comes in later, is still part of the estate so long as it comes in before it's closed. And I think you guys are working this thing around all these policies and structures and other cases and statutes. It seems to me that reading, if you substitute exactly what he wants, 180-day inherited property in for the subject of that, which is the property specified in 541, but instead call it 180-day inherited property, is included in the estate if that 180-day inherited property defined in 541 comes in any time in a Chapter 13 before it's closed. And allowing that, really, to me, the purpose of 1306A and the similar provision in Chapter 12 is to recognize the quid pro quo that goes on between a debtor being allowed to reorganize over a period of time, to catch up arrearages on cars or a house. Well, it's a reorganization. It is. As opposed to a liquidation. And a liquidation, you have to have a time certain, and then everything that comes in afterwards is new. He could have liquidated it. But in this case, he chose to reorganize, and the reorganization is an ongoing process of using assets to pay creditors on a deferred basis. And the fact is, even during a reorganization, there are risks on both sides. I mean, the door of 1329 swings both ways. If the debtor's fortunes fall, they could propose to modify a plan to reduce a dividend. And that's a risk with the process. One other difference in the statute, which may not be really directly before the court, 541 talks about property that is either actually acquired or that the debtor is entitled to acquire. So that draws that bright line and then would allow a Chapter 7 trustee, if there was an inheritance that the debtor was entitled to acquire  could hold that Chapter 7 open until that property is actually received. In Chapter 13, I'm not sure that's so clear, and you do have the potential that the debtor does not actually acquire the property within the 60-month outside limit of Chapter 13 and potentially would not be administered in the estate. Now, 348F protects, and I think that amendment was put into the code, to protect from a debtor who inherits property like the Carrolls more than 180 days after the case is filed from filing a motion to convert to Chapter 7 and then arguing, well, I'm now at Chapter 7 and this isn't 180-day property, so therefore the trustee can't administer it. And I think there's a good argument to be made under 548F that that's a bad faith conversion and then that section basically says the property of the estate in that instance is the property as of the date of conversion, not the original petition date. Section 1306 speaks to all property of the kind specified in 541. Judge Leonard, in his order, in a footnote, noted that there were some cases going the other way and that the focus was on that term, that phrase, of the kind, which those courts have said that incorporates that 180-day time frame under 541A. They do say that. In essence, limiting 541A by the phrase of the kind. Is that superfluous language? Or, I mean, within the statute, I mean, you don't need it. I mean, it would seem as though you could all say all property specified in such section, but those courts say that language must mean something, of the kind. And the way I read of the kind to mean of the general character, not necessarily with the same restrictions. And I think that interpretation does not do violence to that. And if it meant that, then the language after it that extends that time period to the end of the case, that would then become superfluous. And you've accomplished nothing there. So I think of the kind really means of the general type. Dogs, cats. You said specified. I mean, I'm still not figuring out what does of the kind add to that language. Why would it just say property specified? It's the same thing, isn't it? I think that would have been a better way to draft it. A better way, but the courts that looked at it dropped on that phrase of the kind as meaning something more than just a better way to phrase it or a worse way to phrase it and says, oh, no, that takes into consideration that 541A5 has this limited restriction here in terms of the 180 days. But to do so ignores the language at the end of subpart A, excuse me, A1 that extends that time frame. Because if you then say if it's only of the kind up to 180 days, then why would it also say that property inherited later would come into the estate? That last phrase could have been left off if, in fact, what those courts argued was what Congress intended. And I think that interpretation also ignores the difference, the very important and distinct difference between a Chapter VII liquidation and any sort of reorganization on the other side. I guess why I'm trying to understand those cases is because as you look at these properties under 541A, which I agree is a general provision, and you're looking at the kind of property that's there, 541A5 tells you the kind of property that's there. And the kind of property under 541A5 is property that has been acquired before the 180 days. It doesn't? I mean, I've got to find some reason to understand why that's of the kind. I understand these cases are just a few of them. I understand. And we're at a point where reasonable minds can differ. I don't know if it makes any difference because if you take the interpretation, the reading that Judge Wynn points to the other courts have taken, you simply now have property that comes into the estate within 180 days. That's now the subject. And 1306, they forget that there's a verb there. The verb is includes. The estate includes that property if it comes in before it's closed. Yes. And the 180 days doesn't help anything because whether you just take the property or you take the property subject to 180 days, it doesn't make any difference because the rest of the sentence then modifies it and says that property which we said comes in within 180 days is property of the Chapter 13 estate if it comes in before it's closed. Correct. And 1306A in that first phrase also says in addition to the property specified in 541, so it's basically signaling we're adding to what was already there. Expanded. Anything else? And I think in Senate Report 95-989, which I believe was authored by Senator DeConcini when the code was originally drafted, he said in there that Section 1306 broadens the definition of property of the estate for Chapter 13 purposes to include all property acquired and all earnings from services performed by the debtor after the commencement of the case. And one thing that statement does not say is that we're still honoring the exclusions in 541 that are in subsection B. They are not all brought back in. If you are honoring the 180-day restriction, then you could not say that it comes in up until the time it's closed. That is exactly right. That language is meaningless. And they certainly could have said that, but I don't believe they did. Anything else? There is not. Mr. Walker. Thank you, Your Honor. Thank you, Your Honors. What I'd like to address is that last statement talking about the meaninglessness of the 1306 language about before the end of the case in Chapter 13. The reason why that's not meaningless with the appellant's view is because 1306 still looks back at 541A, all of it, so windfalls like gambling winnings, lottery winnings, increases in post-petition salary. Inheritance. 541 says an inheritance that comes in within 180 days of the petition. Yes. What does 1306 say with respect to that property? That it's part of the Chapter 13 estate. There's no question about when it comes in within the 180 days, it's part of the Chapter 13 estate. If it comes in before it's closed, it explicitly makes the change the same way you are arguing Part 2 modifies the wages. It uses the same language. If it comes in before it's closed. And Part A says if it comes in before it's closed. So the property that qualifies within 180 days under 541  Your Honor, I believe that if 1306 was doing what you say it does there, then there would be no need for 1306A2. There was a need for 1306A2 because of the exclusionary language in 541A6. There's also exclusionary language in 541A5, and that's why Congress needed to specifically undo it in 1306A2. The cases that we cited in the brief, particularly N. Ray Key, N. Ray Walsh, N. Ray Slotman, those go into very in-depth statutory analysis, taking a look at the meanings of words and terms and how unless Congress intentionally supersedes or alters or voids those words, then they are to be given meaning and effect. The only way to give meaning and effect to the 180 day restriction is to also have that restriction in 1306 in Chapter 13 cases. As well, under rules of statutory construction, specific terms will govern more general statutory language. There's general statutory language in 1306 referring to the entirety of 541. The entirety of 541 with its inclusions and exclusions. The specific terms, in this case the 180 day restriction, governs the more general language in 1306. I believe, Your Honors, that this case will have far-reaching effects, and it's easy to see how Congress would put a time limit, even in a Chapter 13 case, on these types of properties. Congress puts limits on other things. Think of 1325 when we're talking about disposable monthly income. Congress put a limit on charitable contributions in 1325, saying charitable contributions up to 15% of someone's gross income. How do we read A1 in the way you want it read with respect to the language of coming in before it's closed? Your reading would say all property of the kind specified in that section so long as it comes in within 180 days. No, Your Honor, because 1306 is a general provision that harkens back to all of 541. And so what Congress was doing there was trying to pull into the Chapter 13 state certain windfalls like gambling, like lottery winnings, like uninsured motor vehicle benefits, like increases in earnings and salaries. It was trying to pull all of that in. It doesn't limit it. It says all of 541. And that would include the exclusionary language that 541 has, like 541B. If I go along with you on that, what do we do that refers to the acquires after the commencement of the case before the case is closed, that language? Because that language still applies to all those other kinds of properties specified except for the 180-day restriction on the inheritances, the real property settlements, the life insurance policy benefits. But you have to put an exception in there, right? I'm sorry, Your Honor. No, because the exception is already in 541. The general language pulls in all of 541, whether there's exclusive language or inclusive language. It pulls it in, and then if it's going to undo an exclusion, like with post-petition wages, it did so in 1306A2. What are the far-reaching implications that you're speaking of? Your Honor, because of the types of properties that 541A5 deals with, inheritances, real property settlements, benefits from life insurance policies, there will be, and I can't put a number on it, obviously, but there will be numerous debtors who will choose to file liquidating cases rather than Chapter 13 reorganization. And if the question then becomes, well, what's wrong with that? Well, Congress has expressed a clear intent for more people to file Chapter 13 reorganization. They will do that because a Chapter 13 case is a difficult challenge, Your Honor. It can go from three to five years. They can file a 13 on most of these cases, these type of cases here. A 13 really is a much better way of going. Do you think this is going to now sway people to file a different type of bankruptcy proceeding? I do, Your Honor, and when you say that it's a better way to go for Chapter 13, with this case being decided the way that the trustee advocates, it would not be a better way. And in fact, the way Chapter 13 is right now, it's better for creditors and it's better for debtors. So fewer people filing Chapter 13 affects creditors, affects the trustee, and affects the debtors. And why say? And these kind of things that are listed under 5.1a, inheritance, you know you're coming into an inheritance or some settlement? I mean, you could change those things if you wanted to do something different. Those are things that are subject to happen during those times, after 180 days. So, I mean, that's just something they have to deal with. That's a decision when you choose to file a Chapter 13 or whatever proceeding. Actually, the wise thing is you assess the health of your parents. If your parents are about to die, you go into a Chapter 7. But, Your Honor, if I could say one thing to that. Of course, you want to keep them alive at least 180 days. I just want to know who the beneficiaries are. All of this is a thing. And that's true, but the reality there, though, Your Honors, is that the sophisticated debtors and the debtors who are more wealthy, who have more means, would do just exactly that. The ones who are not as sophisticated and you don't have the means, they won't be able to. Well, we'll let Congress fix that, won't we? I believe Congress, I believe the reading of the statute in the cases, the N. Ray Key, the N. Ray Walsh, the N. Ray Schlotman, I think the reading of the statute that Congress passed supports our position. All right, thank you. Thank you. We'll come down and brief counsel and proceed on the next case.
judges: Paul V. Niemeyer, James A. Wynn, Jr., Henry F. Floyd